FILED

**NOT FOR PUBLICATION**

DEC 21 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

TROY COOPER,

        Plaintiff - Appellant,

v.

YUEN CHEN, et al.,

        Defendants - Appellees.

</td><td>

No. 13-17295

D.C. No. 2:10-cv-01057-DAD

MEMORANDUM*

</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, Magistrate Judge, Presiding

Argued and Submitted December 8, 2015
San Francisco, California

Before: WARDLAW, W. FLETCHER, and MURGUIA, Circuit Judges.

Troy Cooper, a 76 year-old inmate serving an indeterminate life sentence in

the California prison system, appeals the entry of judgment in favor of California

Department of Corrections and Rehabilitation (CDCR) employees Doctor Chen,

---

      *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Nurse Kaur, and Pharmacist Naku in his § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court provided Cooper with adequate notice of the requirements for opposing summary judgment, as required by our decisions in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). Pro se prisoner-litigants must be notified of the procedural requirements for opposing both motions for summary judgment, *Rand*, 154 F.3d at 953, and motions to dismiss for failure to exhaust, *Wyatt*, 315 F.3d at 1120 n.14. *Rand* and *Wyatt* notices must "be provided at the time when the defendants' motions are made." *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). Here, Cooper received *Rand* and *Wyatt* notices at the outset of litigation in 2010. As a result of our decision in *Woods* in July 2012, the district court served Cooper with additional *Rand* and *Wyatt* notices, and permitted him to supplement his oppositions to defendants' summary judgment motions, which the district court had decided before we issued *Woods*. Collectively, these notices and relief were adequate. Even assuming they were inadequate, any error was harmless because Cooper "demonstrate[d] that he understood the nature of summary judgment and

2

complied with the requirements of Rule 56." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013).

2. Defense counsel's reference to Cooper's life sentence in his opening statement at trial was not plain error. Misconduct by counsel in civil proceedings "results in a new trial if the flavor of misconduct sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1192 (9th Cir. 2002) (internal quotation marks omitted). Defense counsel's lone reference to Cooper's life sentence—which immediately followed Cooper's statement that he was serving that sentence for kidnapping—was insufficient to influence the jury's verdict.

3. Cooper argues that we should adopt a rule requiring district courts to inform pro se prisoner-litigants of various rights and procedures in conjunction with an approved application to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). Cooper's argument is not supported by our precedents and would amount to an unjustifiable extension of *Rand* and *Wyatt*. *See Rand*, 154 F.3d at 964 (Thomas, J., concurring) ("*[S]tare decisis* commands that we move with some degree of caution in overturning procedures which have governed our Circuit for a decade.").

3

4.  Cooper failed to challenge on appeal the denial of his four motions for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) in his briefing, so the issue is waived.  *See Indep. Towers of Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003).  In any event, it is unlikely that the district court abused its discretion in declining to find the "exceptional circumstances" required for appointment of counsel under the circumstances here.  *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

**AFFIRMED.**